UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN WIGGINS,

                Petitioner,

-against-

ROBERT ERCOLE,

                Respondent.



MEMORANDUM DECISION
AND ORDER
08 Civ. 3053 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

    Petitioner Allen Wiggins, a New York state prisoner, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Specifically, Wiggins challenges his December 17, 1998 conviction on one count of murder in the first degree contending that his incarceration is unconstitutional because: 1) his conviction was obtained in violation of his right to effective assistance of counsel; 2) the prosecution failed to present legally sufficient evidence to support a first degree murder for hire conviction; and 3) the Appellate Division violated his constitutional right to notice by introducing an alternative theory of liability in affirming his conviction.

    This Court referred the matter to Magistrate Judge Ronald L. Ellis for his Report and Recommendation ("Report"). Judge Ellis issued a Report recommending that this Court deny the Petition.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y.

2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner filed a timely objection to the Report. This Court considered the Report in light of that objection and adopts the Report in its entirety.

In the Report, Magistrate Judge Ellis recommended that Petitioner's ineffective assistance of counsel claim be denied based on Wiggins's failure to establish either of the two prongs of the Strickland test for ineffectiveness. 466 U.S. 668 (1984). Further, Judge Ellis recommended that Wiggins's claim that the prosecution failed to establish the elements of first degree murder for hire, and thus that the verdict in his case was legally insufficient, be denied. Applying the standard for a legally sufficient verdict articulated in Jackson v. Virginia, 443 U.S. 307 (1979), Judge Ellis concluded that, viewing the evidence in the light most favorable to the prosecution, "[t]he jury could reasonably conclude . . . that [Wiggins] committed the murder in the expectation that his debt would be forgiven," thus meeting the elements of the crime of first degree murder for hire. R & R p. 14 (citing People v. Wiggins, 304 A.D.2d at 322-23). Finally,

Judge Ellis rejected Petitioner's claim that the Appellate Division violated his rights by introducing a new theory of liability. Judge Ellis found that the Appellate Division's reference to a possible extension of time for repayment of petitioner's loan was merely dicta and not the basis of its decision.

With respect to his ineffective assistance of counsel claim, Wiggins argues that his trial counsel's performance was defective and prejudicial because he failed to consult with, and call, an expert on the psychology of confessions. With regard to the sufficiency of the verdict in this case, Petitioner objects to Judge Ellis's finding that the state court was not unreasonable in its ruling that "[t]he jury could reasonably conclude . . . that [the] defendant committed the murder in the expectation that his debt would be forgiven." R & R at 14 (citing People v. Wiggins, 304 A.D.2d at 322-23 (N.Y. App. Div. 2003)). In his final claim, Petitioner argued that the Appellate Division violated his constitutional rights to notice and to a trial by jury because it introduced a new theory of guilt when it stated that the defendant committed the murder in the expectation that his debt would be forgiven, or at the very least, that *he would be given more time to repay the debt*. Wiggins objects to Judge Ellis's conclusion that the Appellate Division's statement, regarding the forbearance of the payment of the debt, was dicta. Wiggins contends that because the prosecution did not pursue a forbearance theory at trial, the Appellate Division introduced a new theory of guilt of which petitioner was not notified.

As to the ineffective assistance of counsel claim, Petitioner failed to demonstrate that his trial counsel was defective for not calling an expert witness to provide testimony on false confessions. Petitioner also failed to demonstrate a reasonable probability that but for his counsel's decision not to call an expert witness, the result of the proceeding would have been different. Strickland, 466 U.S. 668, 689.

With respect to Petitioner's insufficiency of the evidence claim, this Court agrees with Magistrate Judge Ellis's conclusion that it was not unreasonable for the state appellate court to have found that a jury could reasonably find proof of each of the elements, beyond a reasonable doubt, of the charge of first degree murder for hire.

Additionally, this Court also accepts Magistrate Judge Ellis's finding that the Appellate Division did not impermissibly introduce a new theory of guilt. This Court agrees that the additional reference to an extension of time to repay the debt used by the Appellate Division was dicta.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 F. App'x 58, 60 (2d Cir. 2001).

## Conclusion

This Court adopts the Report and Recommendation in its entirety. The Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

Dated: September 29, 2011
     New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4